IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLAF PETER JUDA,

        Plaintiff,

vs.                                     No. CIV 96-584 JP/LFG

DENNIS MICHAEL NERNEY, et al.,

        Defendant

## MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION
## ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## AS TO LIABILITY ALONE[1]

This is a *pro se, in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983.  This matter comes before the Court on Plaintiff Olaf Peter Juda's ("Juda") Motion For Partial Summary Judgment as to Liability Alone [Doc. 47].  Defendant's response [Doc. 48] was filed on June 12.

Juda styles his motion as one for partial summary judgment.  The Court does not agree that it is a true summary judgment motion; rather, it is a request to revive issues which are not before this Court.  Although the Court need not accept a *pro se* litigant's characterization of his claim, Roman-Nose v. N.M. Dept. of Human Svcs., 967 F.2d 435, 437 (10th Cir. 1992), this matter will be handled under 28 U.S.C. § 636(b)(1), because the recommendation, if accepted, is dispositive of Juda's claim arising from the seizure and forfeiture of his real property.

Juda was arrested off the west coast in 1991, pled guilty to drug smuggling and arson on the

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

high seas, and was sentenced to 262 months' imprisonment. His conviction was affirmed by the Ninth

Circuit in 1995, and he is currently incarcerated in California. After Juda's arrest, and because of the

belief that Juda used illegal drug trafficking proceeds to acquire real and personal property, the United

States Attorney for the District of New Mexico began forfeiture proceedings against Juda's property

located in New Mexico. This case arises from Juda's efforts to void the forfeitures, receive

compensation for the forfeited property, and/or recover damages for violations of his constitutional

rights occurring in the course of the forfeiture proceedings.[2]

The basis for Juda's motion is not entirely clear, but he appears to be arguing that his claim

for damages, in the form of an equitable remedy based on preseizure infringement of his real property,

should be resurrected, as should his Bivens claim against Assistant United States Attorney Stephen

R. Kotz. Both of these claims have been resolved against Juda in previous rulings by the Tenth

Circuit. These claims were laid to rest; there is nothing to revive nor is there anything further for this

Court to decide with regard to Juda's real property. Juda's motion reads as follows:

> The decision in Juda v. Nerney, No. 97-2192 [Juda I], had formulated
> an equitable remedy based on a substantive due process violation.
> The remedy proved to be unavailing based on the court's conclusion
> that the claim of national security had been proper. Now that the
> constraints of the limited remand has [sic] been removed by the
> conclusion of appellate review Plaintiff's suit based on a procedural
> due process violation can proceed in full as originally alleged in the
> original Complaint.

---

[2]The factual background of this case has been recited in several previous opinions and will not be
repeated here, except to the extent necessary to this analysis. The facts surrounding Juda's arrest are set forth
in United States v. Juda, 46 F.3d 961, 964-65 (9th Cir. 1995). A detailed account of the background of the
various forfeiture proceedings can be found in the previous appellate opinions in this case, Juda v. Nerney, 149
F.3d 1190 (Table, text in Westlaw), Nos. 97-2192, 97-2326, 1998 WL 317474 (10th Cir. June 16, 1998)
(**hereafter "Juda I"**), and Juda v. Nerney, 211 F.3d 1278 (Table, text in Westlaw), No. 99-2070, 2000 WL
419823 (10th Cir. Apr. 17, 2000) (**hereafter "Juda II"**).

[Doc. 47, at 3 n.1].  Setting aside for the moment Juda's assertion that the holding in <u>Juda II</u> somehow resurrected the <u>Bivens</u> claims against AUSA Kotz, it appears that Juda believes that the Tenth Circuit ordered that he receive equitable damages from the Government, that he is therefore entitled to a favorable ruling on the issue of liability in this regard, and that this Court should proceed to a determination of damages.  Juda misreads the Tenth Circuit's holding.

Juda originally brought claims challenging the forfeiture of two parcels of real property and several items of personal property.  The real property at issue in connection with this motion consisted of a one-acre parcel on which a house was being built at the time of Juda's arrest; his claims regarding forfeiture of other real property have been resolved.   This Court initially dismissed all of Juda's claims in this case [Doc. 18].  On appeal, the Tenth Circuit reversed in part, holding *inter alia* that the seizure of this parcel of real property, or the proceeds therefrom, was done without adequate notice in violation of the principle set out in <u>United States v. James Daniel Good Real Property</u>, 510 U.S. 43, 114 S. Ct. 492 (1993).  The Tenth Circuit held that:

> Juda was the owner of the real property, and, absent exigent circumstances, was entitled to notice and a hearing before seizure. The unorthodox agreement between AUSA   Kotz and the developer deprived Juda of the 'valuable rights of ownership, including the right of sale, the right of occupancy, the right to unrestricted use and enjoyment, and the right to receive rents' . . .   The resulting sale amounted to a governmental seizure, without notice to Juda and without any showing of exigent circumstances.  Plainly, the seizure violated Juda's due process rights and, as discussed below, Juda is entitled to an equitable remedy.

<u>Juda I</u>, at *5.

The Tenth Circuit thus found that the seizure proceedings violated Juda's due process rights; however, the court also held that illegality in the seizure proceedings does not necessarily invalidate

3

the later forfeiture.  In sending the case back to this Court for a determination on validity of the forfeiture, the Tenth Circuit noted that, "[f]or the preseizure infringement [*i.e.*, the lack of notice prior to seizure], the scope of the remedy is related to the district court's decision on the validity of the forfeiture."

On remand, this Court held an evidentiary hearing and found that the delay between seizure and forfeiture was based on legitimate national security concerns and did not violate due process, and the forfeiture was therefore valid.  [Docs. 32, 35].  The District Court also found that although the Tenth Circuit directed that "an equitable remedy may be appropriate" for the pre-seizure infringement, nevertheless, "[b]y virtue of the Court's finding that there is no due-process violation [arising from delay in the post-seizure forfeiture proceeding], the Court concludes that there is no equitable remedy that is required or suggested by the Tenth Circuit."  [Doc 32, at 2, 5].  The District Court also made rulings regarding Juda's claims that certain items of personal property had been illegally forfeited.

Juda again appealed.  The Tenth Circuit remanded again for further proceedings on issues pertaining to Juda's personal property; however, it affirmed the rulings on Juda's real property claims, holding that this Court properly concluded that the twenty-month delay between seizure and forfeiture, while significant, did not violate due process.  Juda II, at *2.  The court referred in a footnote to the issue of an equitable remedy for preseizure violation, as follows:

> We also determined [in Juda I] that the seizure of Juda's real property
> without preseizure process violated Juda's due process rights, entitling
> him to an equitable remedy . . .  Juda did not pursue this avenue for
> relief on remand and it is not at issue in this appeal.  In any event, the
> remedy for a Good violation is to release to the owner of the property
> the profits or rent attributable to the period of the illegal seizure . . .
> In the instant case, a monetary award attributable to the government's

4

precipitate seizure would have been minimal.

Without acknowledging the Tenth Circuit's statement that "Juda did not pursue this avenue for relief on remand," Juda seems to be arguing that the equitable remedy mentioned in Juda I was somehow being held in abeyance pending the circuit's ruling in Juda II; he refers to the "constraints" on this claim having been "removed by the conclusion of appellate review." [Doc. 47, at 3. n.1]. There were no court-imposed constraints on Juda's equitable remedy; rather, he did not recover on this claim because the record did not establish that he was damaged by being deprived of any profits or rents "during the period of illegal seizure."

The Tenth Circuit instructed this Court in Juda I that, "[f]or the preseizure infringement, the scope of the remedy is related to the district court's decision on the validity of the forfeiture."  Thus, it is apparent that the Tenth Circuit intended that "profits or rent . . . during the period of illegal seizure" could not be awarded if the forfeiture was valid and there was, therefore no "period of illegal seizure"; the court thus makes an implicit distinction between an incident of illegal seizure and a period of illegal seizure.

While not condoning seizure without due process, the Court cannot award recovery where there is no evidence of damage.  There is nothing on the record to show that Juda was entitled to rents or profits accruing from the property after it was sold.  Where no rents accrue, no damages are awarded.  United States v. One Parcel Property Located at Lot 85, County Ridge, 100 F.3d 740, 743-44 (10th Cir. 1996).  "The government must account for the profits or rent which it denied the claimant during the period of illegal seizure."  United States v. Marsh, 105 F.3d 927, 931 (4th Cir. 1997), citing and adopting United States v. 51 Pieces of Real Property, Roswell, N.M., 17 F.3d 1306 (10th Cir. 1994).  The record does not establish that the Government denied Juda any profits or rents

during any period of illegal seizure.  In any case, the Tenth Circuit affirmed this Court's holding that

no equitable remedy would be awarded for the preseizure infringement (Juda II, at *1, n.2), and Juda

cannot now re-argue that claim.[3]

With regard to Juda's argument that AUSA Kotz is not entitled to absolute or qualified

immunity, this issue was decided conclusively by the Tenth Circuit in Juda I, at *7, and all Bivens

claims have been dismissed.  Nothing that has since occurred in this case changes that ruling.  Even

if due process violations occur, there can be no recovery if Defendants are immune.  The  Court

agrees with the Government [Doc. 48, at 2] that Juda's argument on this point is frivolous.

## Recommended Disposition

That Plaintiff's Motion for Partial Summary Judgment as to Liability Alone [Doc. 47]

be denied.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

---

[3]The Court notes that Juda may be relying on the Tenth Circuit's ruling in Juda II that an invalid forfeiture is void rather than voidable, arguing therefrom that the invalid seizure of this real property renders the subsequent forfeiture void and thus entitles him to receive damages in the amount of the value of the property.  If indeed this is his argument, which is not clear from the motion, the Court rejects it.  The Tenth Circuit explicitly held in Juda II that illegality of the seizure does not necessarily invalidate the forfeiture, and this Court and the Tenth Circuit have ruled and affirmed that Juda's due process rights were not violated in the course of the forfeiture proceedings against his real property, in spite of the fact that the seizure was accomplished without adequate notice.